UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN ROBBINS,

                                  Plaintiff,

v.                                           Civil Action No. _____

AUDIT SYSTEMS, INC.,

                                  Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff John Robbins is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Audit Systems, Inc., (hereinafter "Audit") is a foreign business corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to Apex Security. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That upon information and belief Defendant was employed by Apex Security to collect on the subject debt.

12. That in or about October 2010, Defendant contacted Plaintiff's neighbor Cathy Hall. Cathy Hall was unable to answer and Defendant left a message on Ms. Hall's answering machine. In the subject message Defendant failed to identify himself stating "You know what this is for have your credit card ready when you call back." Defendant then left a number for a return call and the message ended.

13. That in or about October 2010, Plaintiff's neighbor Cathy Hall returned Defendant's call by calling phone number left by Defendant in the above mentioned message. In the subject conversation, Ms. Hall inquired about the message asking Defendant who they were, and what the call was in regard to. After Ms. Hall gave Defendant her telephone number, Defendant disclosed that the calls were in regard to Plaintiff and disclosed that Plaintiff owed a debt. Defendant then asked Ms. Hall if she knew Plaintiff and if she had any information about him. After indicating that she was not John Robbins, Ms. Hall terminated the conversation. That prior to Defendant's disclosure, Ms. Hall was unaware that Plaintiff owed a debt.

14. That on or about October 9, 2010, Cathy Hall contacted Plaintiff. In the subject conversation Ms. Hall explained that she received a call from Defendant who was trying to collect a debt from Plaintiff. Thereafter the conversation was terminated.

15. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

16. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 15 above.

17. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(1) and 15 U.S.C. §1692d by contacting Plaintiff's neighbor, Cathy hall, and leaving a message which failed to identify the caller or state they are correcting or confirming location information of Plaintiff. The natural consequence of said action was to harass, oppress, and abuse the Plaintiff and Ms. Hall.

   B. Defendant violated 15 U.S.C. §1692b(2) and 15 U.S.C. §1692d by disclosing to Plaintiff's neighbor, Cathy Hall, that Plaintiff owed a debt.  Prior to Defendant's disclosure, Ms. Hall was unaware that Plaintiff owed a debt.  The natural consequence of said action was to harass, oppress, and abuse the Plaintiff.

18. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 7, 2011

                                              /s/ Seth J. Andrews
                                              Kenneth R. Hiller, Esq.
                                              Seth J. Andrews, Esq.
                                              Law Offices of Kenneth Hiller, PLLC
                                              *Attorneys for the Plaintiff*
                                              6000 North Bailey Ave., Suite 1A
                                              Amherst, NY 14226
                                              (716) 564-3288
                                              Email: khiller@kennethhiller.com
                                                          sandrews@kennethhiller.com